# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| TRENA D. JONES, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Commissioner of Social Security, <br><br> Defendant. | CAUSE NO. 1:13-cv-2021-SEB-DKL |

## REPORT AND RECOMMENDATION

Plaintiff Trena D. Jones brings this suit for judicial review of the defendant Commissioner's denial of her applications for both disability-insurance and supplemental-security-income disability benefits under the Social Security Act. The assigned district judge referred this Cause to this magistrate judge for submission of proposed findings and a recommended disposition under 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(1). *Order Referring Issues to Magistrate Judge* [doc. 6].

## Standards

Judicial review of the Commissioner's factual findings is deferential: courts must affirm if her findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004); *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). Substantial evidence is more than a scintilla, but less than a preponderance, of the evidence. *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). If

the evidence is sufficient for a reasonable person to conclude that it adequately supports the Commissioner's decision, then it is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Carradine v. Barnhart*, 360 F.3d 751, 758 (7th Cir. 2004). This limited scope of judicial review derives from the principle that Congress has designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ [administrative law judge], we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). *Carradine*, 360 F.3d at 758. While review of the Commissioner's factual findings is deferential, review of her legal conclusions is *de novo*. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 905. A person will be determined to be disabled only if her impairments "are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy." 42 U.S.C. §
1382c(a)(3)(B). The combined effect of all of an applicant's impairments shall be
considered throughout the disability determination process. 42 U.S.C. § 423(a)(3)(G).

The Social Security Administration ("SSA") has implemented these statutory
standards in part by prescribing a "five-step sequential evaluation process" for
determining disability. If disability status can be determined at any step in the sequence,
an application will not be reviewed further. At the first step, if the applicant is currently
engaged in substantial gainful activity, then she is not disabled. At the second step, if the
applicant's impairments are not severe, then she is not disabled. A severe impairment is
one that "significantly limits [a claimant's] physical or mental ability to do basic work
activities." Third, if the applicant's impairments, either singly or in combination, meet or
medically equal the criteria of any of the conditions included in the Listing of
Impairments, 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, then the applicant is deemed
disabled. The Listing of Impairments are medical conditions defined by criteria that the
SSA has pre-determined are disabling. 20 C.F.R. § 404.1525. If the applicant's
impairments do not satisfy a Listing, then her residual functional capacity ("RFC") will
be determined for the purposes of the next two steps. RFC is an applicant's ability to do
work on a regular and continuing basis despite his impairment-related physical and
mental limitations and is categorized as sedentary, light, medium, or heavy. At the fourth
step, if the applicant has the RFC to perform her past relevant work, then she is not

3

disabled.  Fifth, considering the applicant's age, work experience, and education (which are not considered at step four), and her RFC, she will not be determined to be disabled if she can perform any other work that exists in significant numbers in the national economy.  42 U.S.C. § 416.920(a)

The burden rests on the applicant to prove satisfaction of steps one through four.  The burden then shifts to the Commissioner at step five to establish that there are jobs that the applicant can perform in the national economy.  *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).  If an applicant has only exertional limitations that allow her to perform the full range of work at her assigned RFC level, then the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "grids"),  may be used at step five to arrive at a disability determination.  The grids are tables that correlate an applicant's age, work experience, education, and RFC with predetermined findings of disabled or not-disabled.  If an applicant has non-exertional limitations or exertional limitations that limit the full range of employment opportunities at her assigned RFC level, then the grids may not be used to determine disability at that level; a vocational expert must testify regarding the numbers of jobs existing in the economy for a person with the applicant's particular vocational and medical characteristics.  *Lee v. Sullivan*, 988 F.2d 789, 793 (7th Cir. 1993).  The grids result, however, may still be used as an advisory guideline in such cases.

An application for benefits, together with any evidence submitted by the applicant and obtained by the agency, undergoes initial review by a state-agency disability examiner and a physician or other medical specialist. If the application is denied, the applicant may request reconsideration review, which is conducted by different disability and medical experts. If denied again, the applicant may request a hearing before an administrative law judge ("ALJ").[1] An applicant who is dissatisfied with the decision of the ALJ may request the SSA's Appeals Council to review the decision. If the Appeals Council either affirms or declines to review the decision, then the applicant may file an action in district court for judicial review. 42 U.S.C. § 405(g). If the Appeals Council declines to review a decision, then the decision of the ALJ becomes the final decision of the Commissioner for judicial review.

**Background**

Ms. Jones' applications for benefits were denied on initial and reconsideration review. She requested and received a hearing before an administrative law judge ("ALJ"), which hearing occurred on December 6, 2012. (R. 1.) Ms. Jones was unrepresented at the hearing. She, two medical experts, and a vocational expert testified. The ALJ issued a decision denying her applications and Ms. Jones requested the Appeals

---

[1] By agreement with the SSA, initial and reconsideration reviews in Indiana are performed by an agency of state government, the Disability Determination Bureau, a division of the Indiana Family and Social Services Administration. 20 C.F.R. Part 404, Subpart Q (§ 404.1601, *et seq.*). Hearings before ALJs and subsequent proceedings are conducted by personnel of the federal SSA.

Council to review the decision. The Appeals Council's denial of her request rendered the ALJ's decision final and the one that the Court reviews.

At step one, the ALJ found that Ms. Jones had not engaged in substantial gainful activity since her alleged onset date of October 1, 2005. At step two, the ALJ found that she has the severe impairments of chronic obstructive pulmonary disease, oseteoarthritis disease of the bilateral knees, low back pain, carpal tunnel syndrome on the left upper extremity, obesity, history of a wrist fracture, and fibromyalgia. At step three, he found that no Listings were satisfied. He found that Ms. Jones had the RFC for light work with additional restrictions, including avoidance of respiratory irritants. At step four, the ALJ found that, with this RFC, Ms. Jones is unable to perform any of her past relevant work. At step five, relying on the testimony of the vocational expert, he found that a significant number of jobs that she can perform exist in the national economy and, therefore, she is not disabled.

**Discussion**

Ms. Jones proceeds *pro se* in this case. For her brief in support of her complaint, she filed a one-page letter, the substance of which, in its entirety, is:

> I did not see mention of my sugar diabetes that I was diagnosed with early 2012 and also anxiety & sleep apnea. Did not see mention the letter from my doctor which the Judge had commented wouldn't have been of much use because she would have written in favor of me. I also think my files (from the courts & doctors) are not getting to my case because there is another Trena Jones filing for SSD and I think she also goes to the same clinic.

[*Brief Letter* [doc. 22] ("*Brief*") (editorial corrections made).] Although submissions by *pro se* litigants "should be held to less exacting standards than those drafted by counsel," *Maddox v. Love*, 655 F.3d 709, 722 n. 6 (7th Cir. 2011), courts still must be able to discern cogent arguments, even from *pro se* litigants, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Thus, even with the leniency afforded to *pro se* litigants, they have a responsibility to present cogent cases that are both legally and factually developed. Courts will not construct arguments for *pro se* litigants nor scour the record and the law for possible errors or to find support for conclusory assertions or arguments. In this case, Ms. Jones' *Brief* fails to present any cogent or developed arguments.

Ms. Jones' *Brief* states that she did not see mention (presumably, in the ALJ's decision) of her sugar diabetes, anxiety, or sleep apnea conditions. The Court notes several mentions of Ms. Jones' alleged anxiety, (R. 278, 279, 283), and sleep apnea, (R. 283), in the ALJ's decision. In addition, while Ms. Jones listed sugar diabetes as one of her many impairment in her *Complaint* [doc. 1] ¶ 4.b., she provides no citation to the record where (1) she asserted this impairment in her applications or other documents that she submitted to the Social Security Administration, (2) the condition was included in any record evidence as a significant impairment, or (3) it was discussed during the hearing before the ALJ. A quick review of the hearing transcript, (R. 1-18), did not reveal any assertion by her of the condition. Without showing that the ALJ was apprised of her diabetes, she has not shown error in his failure to address it.

Ms. Jones also asserts that she did not see mention of a letter from her doctor. She does not provide the date of the letter, the doctor who wrote it, or when it was submitted to the record. She also fails to identify the content of the letter or its relevance to her claims. There is no indication that she advised the ALJ or the Social Security Administration about a missing letter. She did not submit a copy of the letter in this case. On a quick review of the hearing transcript, the Court notes some non-specific dialogue about a letter from a doctor that Ms. Jones was not certain was part of the record. (R. 4, 12-13.) The letter mentioned in the hearing transcript might be from a Dr. Davidson, Ms. Jones' primary-care physician, and it might include a list of her conditions. (R. 12-13.) But Ms. Jones does not assert that this is the letter she means in her *Brief* and, if it is, that she submitted it for the record, even after the hearing. By omitting these details and failing to describe the letter's contents and its relevance to proving her claims for benefits according to the standards for determining disability, she has failed to show any error in the ALJ's decision regarding the letter. The Court cannot undertake so much speculation.

Finally, Ms. Jones states that she thinks that her files are not "getting to her case" because of confusion with another individual with the same name who is or has applied for disability benefits and who also visits a clinic that Ms. Jones visits. She does not identify the suspected missing files or their relevance to her case. She does not assert, and the Court did not notice in the record, that she informed the ALJ or the Social Security

Administration about any missing files. Thus, she has presented no basis for the Court to find error.

## Conclusion

Because Plaintiff has not shown error in the ALJ's decision, this magistrate judge recommends that the Commissioner's denial of her claims for disability benefits be **AFFIRMED**.

## Notice regarding objections

Within fourteen days after being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to de novo determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger*

*v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**DONE this date:** February 6, 2015

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

*Via* first-class mail:

> Trena D. Jones
> 2316 Coyner Avenue
> Indianapolis, Indiana  46218